Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | Amy J. St. Eve |
|---|---|---|---|
| CASE NUMBER | 02 C 7001 | DATE | 03/04/03 |
| CASE TITLE | Jackson v. Avanti | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss (Doc. #6)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] . Enter memorandum opinion and order. For the attached reasons, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED, terminating case.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, NORTHERN DIVISION

| | |
|---|---|
| TODD JACKSON,<br><br>Plaintiff<br><br>v.<br><br>AVANTI/CASE-HOYT, INC.<br>and INKTEL DIRECT CORP.<br><br>Defendants. | 02 C 7001<br><br>Judge Hibbler<br><br>DOCKETED<br><br>MAR - 5 2003 |

## MEMORANDUM ORDER AND OPINION

Todd Jackson alleges that Avanti/Case-Hoyt, Inc. and Inktel Direct Corp. (collectively, "Defendants" or "Avanti") breached their contractual obligations when they terminated his employment. According to Jackson, Defendants' employee handbook required them to follow a progressive disciplinary procedure prior to termination. The Defendants move to dismiss Jackson's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Defendants contend that the employee handbook did not create an enforceable agreement between the parties because it does not contain a promise clear enough that the Plaintiff reasonably would have believed that an offer of pre-discharge disciplinary procedures would be utilized. The Defendants also point out that the employee handbook contains a disclaimer that negates any promise that they would employ a progressive disciplinary procedure. For the following reasons, Defendants' motion to dismiss is GRANTED.

### Facts

Defendants extended an offer of employment to the Plaintiff as a sales representative in December 1999. Jackson accepted the offer and received a copy of Avanti's employee handbook at the outset of his employment. On May 26, 2000, the Defendants terminated Jackson because his performance had not met their expectations and he had not brought in sufficient business. Following his termination Jackson sued Avanti. Jackson first alleges that the employee handbook created an

1

enforceable agreement in which Avanti promised to follow pre-termination disciplinary procedures. Jackson next alleges that, even if the employee handbook did not create an enforceable agreement, it contained an implied promise to follow pre-termination disciplinary procedures and that he reasonably relied on that promise. Jackson attached a copy of the employee handbook to his complaint.

According to the employee handbook, the Defendants employ the following disciplinary procedure:

> As a last resort to correct employee conduct or job performance issues, AVANTI disciplinary process will be utilized. The process may include four stages:
> 1. Verbal warning. Conducted by the supervisor with a note to the personnel file.
> 2. Written Warning. A special performance review conducted by the supervisor.
> 3. A time period for correction and observation.
> 4. Termination. The consequence if desired improvement does not take place or an act or omission is of a serious nature.
>
> The specifics of corrective issues and the time period for correction will be at the discretion of Avanti management. As noted employees within the probationary period may be terminated without prior notice or warning. The corrective action measure applied or sequence used may be varied depending on the nature and severity of the offense, the relationship of an offense to prior discipline problems, frequency of offense and past disciplinary record.

The employee handbook also warns employees that "[t]he violation of these and other rules or employee misconduct which interferes with or adversely affects one's employment will be sufficient grounds for disciplinary action from oral warning to immediate discharge depending on the seriousness of the offense in the judgment of management." Finally, in a section labeled "Employment Status," the employee handbook contains a disclaimer. The disclaimer reads:

> The policies and practices and the enforcement of these policies and practices are not to be considered as a verbal or written contract between you and AVANTI Press, Inc. Employment with the Company is for an indefinite term and is terminable at any time at the will of either the employee or the Company for any reason. Severance of employment relationship at any time by either party, for any reason not prohibited by law, will not constitute a violation of an expressed or implied covenant. Employment at will status can only be altered by a written contract of employment which is specific as to all material terms and signed by the employee or the employee's authorized representative of the company.

## Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint rather than the merits of the case. *Petri v. Gatlin*, 997 F. Supp. 956, 963 (N.D. Ill. 1997). In analyzing a Rule

2

12(b)(6) motion, the Court views all allegations in the complaint in a light most favorable to plaintiff, taking all well-pleaded facts and allegations as true. *Bontkowski v. First Nat. Bank of Cicero*, 988 F.2d 459, 461 (7th Cir.1993). Defendants must meet a high standard to prove the complaint should be dismissed for the failure to state a claim upon which relief could be granted, and a plaintiff's complaint should only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Doe v. First Nat'l Bank of Chicago*, 865 F.2d 864, 872 (7th Cir. 1989).

**Analysis**

Under Illinois law, an employee handbook can create enforceable, contractual rights if all of the traditional elements of contract formation are present. *Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 115 Ill.2d 482, 489 (1987). In order to create contractual rights, an employee handbook must: (1) contain a promise clear enough that an employee would reasonably believe that an offer has been made; (2) be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer; (3) be accepted by the employee who commences or continues to work after learning of the promise. *Id.* at 490. "When these conditions are present, then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a contract is formed." *Duldulao*, 115 Ill. 2d at 490.

A comparison of the employee handbook contents involved in *Duldulao* and the language in Avanti's employee handbook demonstrates that the Avanti handbook falls far short of creating a contract. In *Duldulao*, the employee handbook clearly stated that "permanent employees *are never* dismissed without prior written admonitions and/or an investigation that has been properly documented . . . and that 'three warning notices within a twelve month period *are required* before an employee is dismissed.'" *Id.* at 491 (emphasis in court opinion). Because the language was clearly mandatory, the Illinois Supreme Court found that the handbook created enforceable rights. *Id.* The language in Avanti's handbook, on the other hand, is permissive—the progressive

3

disciplinary procedure "*may* include four stages," and the "specifics of corrective issues and the time period for correction *will be at the discretion* of Avanti management," which can "*var[y]*" the nature of the corrective action.

Illinois courts have consistently held that an employee handbook creates enforceable contractual rights only when specific procedures have been prescribed by positive and mandatory language. *Doe*, 865 F.2d at 872 (collecting cases); *Perman v. ArcVentures, Inc.*, 196 Ill. App. 3d 758, 765 (1990). Language in an employee handbook that contains a progressive discipline policy allowing the employer, in its discretion, to skip one or more of the steps in the policy and proceed directly to termination — to "'jump the queue'" — is too loose and vague to confer a legally enforceable right to progressive discipline. *St. Peters v. Shell Oil Co.*, 77 F.3d 184, 188 (7th Cir. 1996) (quoting *Campbell v. City of Champaign*, 940 F.2d 1111, 1112-13 (7th Cir.1991)). Because Avanti's handbook does not contain a sufficiently clear promise so that Jackson reasonably could have believed an offer had been made, it therefore created no contractual right to progressive discipline.

Even if Avanti's handbook had contained mandatory language regarding progressive discipline procedures, it also contained an explicit disclaimer alerting Jackson that the handbook did not create a contract. A document that clearly disclaims in unambiguous language any purpose to bind the parties cannot constitute "a promise clear enough that an employee would reasonably believe that an offer has been made." *Duldulao*, 115 Ill.2d at 490; *see also Border v. City of Crystal Lake*, 75 F.3d 270, 273 (7th Cir. 1995) (citing *Moore v. Illinois Bell Tel. Co.*, 155 Ill. App. 3d 781 (1987)); *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1348 (7th Cir. 1995) ("A document so rife with disclaimers cannot provide the basis for a mutually explicit understanding"). Avanti's handbook contains an explicit disclaimer, informing Jackson the policies of the handbook "are not to be considered as a verbal or written contract." The disclaimer appears on the second to last page of the handbook in a section titled 'Employment Status.' Although Jackson complains that the disclaimer is not distinctly set out or highlighted in anyway, it is sufficiently conspicuous to negate any alleged

4

promises contained in the handbook. It appears at the end of the document, in a section that alerts the employee to its importance. *Cf. Hicks v. Methodist Medical Center*, 229 Ill. App. 3d 610, 614 (1992) (disclaimer not conspicuous because it was located in the middle of the handbook in a section entitled, "Revisions"). Furthermore, a disclaimer that is effective against a claim of breach of contract is also effective against a claim of promissory estoppel. *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1001 (7th Cir. 2000).

## IV. Conclusion

Jackson's claims for breach of contract and promissory estoppel must fail. The employee handbook does not contain language sufficiently clear to form the basis of a promise to provide Jackson with mandatory pre-termination disciplinary procedures. Furthermore, the presence of an explicit and conspicuous disclaimer within the handbook renders unreasonable any subjective reliance upon the handbook that Jackson might have had. Accordingly, Defendants' motion to dismiss is GRANTED.

3-4-03
Date

Judge Amy J. St. Eve
United States District Court